**SIGNED THIS: July 20, 2009**

                                                                    _____
                                                                    **MARY P. GORMAN**
                                                                    **UNITED STATES BANKRUPTCY JUDGE**
_____


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| JEFFREY L. GORDON and ) | |
| LEEANN GORDON, ) | Case No. 08-71182 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| A. CLAY COX, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 08-7121 |
| ) | |
| JEFFREY L. GORDON and ) | |
| LEEANN GORDON, ) | |
| ) | |
| Defendants. ) | |

## O P I N I O N

This matter came before the Court for trial on a Complaint filed by A. Clay Cox, Chapter 7 Trustee ("Trustee"), seeking the

-1-

revocation of the discharge issued to Debtor, Jeffrey L. Gordon.[1] The basis for Trustee's Complaint is that financial information contained in documents which Mr. Gordon was ordered to produce was inaccurate. Although the inaccuracy of the information is undisputed, Trustee cannot prevail because he did not establish that Mr. Gordon failed to comply with the Court's Order which required merely the production of financial documents. The relief sought by the Trustee must be denied.

Jeffrey L. Gordon and LeeAnn Gordon (collectively "Debtors") filed their voluntary chapter 7 petition on May 13, 2008. An order discharging the Debtors was entered on September 2, 2008. On September 10, 2008, Trustee filed a Motion to Compel Turnover wherein he asked that the Debtors be ordered to provide him with verification of receipts and disbursements relating to Mr. Gordon's construction business. On October 2, 2008, the Court held a telephonic hearing on the Motion to Compel with the Trustee and Debtors' counsel. During that hearing, Trustee stated that he was concered that some funds generated by Mr. Gordon's construction business may have been diverted or misused. Trustee had received raw bank statements from the Debtors, but those records alone were insufficient to dispel his concerns. The Trustee and Debtors'

---

[1] Trustee's Complaint sought the revocation of the discharge issued to both Jeffrey and LeeAnn Gordon. However, prior to the commencement of the trial, Trustee orally moved to dismiss LeeAnn Gordon as a defendant, and that motion was granted.

counsel advised the Court that they had agreed that Debtors' check registers, accounting records, and other financial documents would be produced within 30 days. Thus, the Court granted the Motion to Compel and the Trustee was instructed to submit an Order. On October 6, 2008, the Court entered the Order drafted by the Trustee. The Order required the Debtors to provide the Trustee with:

> all check registers, receipts journals, disbursements journals, and any other accounting records prepared by or on behalf of the debtor which records detail all receipts and disbursements in connection with the debtors' construction business for the period commencing October 1, 2007 and continuing through the date that debtor filed debtor's petition for bankruptcy.

Mr. Gordon subsequently provided the Trustee with financial documents including an accounting utilizing QuickBooks software. It is undisputed that the accounting was significantly inaccurate and that it failed to account for approximately $50,000 in gross income that Mr. Gordon had admittedly received. On November 11, 2008, Trustee wrote to Debtors' counsel and requested additional information and clarification. Mr. Gordon then prepared and provided to the Trustee a second accounting. It is undisputed that the second accounting is also inaccurate, albeit less so than the first accounting.

Trustee commenced this adversary proceeding with the filing of his Complaint on December 16, 2008. A trial was held on June 17, 2009, at which the Trustee and Mr. Gordon each represented himself.

The Trustee's focus at trial was the inaccuracy of the figures set forth in the two accountings. The Trustee established through the testimony of Sarah Quinton, a former construction customer of Mr. Gordon, that Mrs. Quinton and her husband had paid Mr. Gordon $166,436.25 during the period from October 15, 2007, to March 24, 2008. Mr. Gordon acknowledged, under questioning by the Trustee, that his first accounting dated November 1, 2008, disclosed construction income of only $115,764.50 for the period October 1, 2007, through May 13, 2008. Mr. Gordon also admitted that his second, revised accounting dated February 12, 2009, disclosed construction income of $165,901.50 for the period of October 15, 2007 through May 13, 2008. Mr. Gordon did not dispute that he had, in fact, received $166,436.25 from the Quintons during the time period in question. He suggested, however, that the inaccuracies in his accountings were the result of omissions and oversights in entering data to create the accountings and his general unfamiliarity with his accounting software.

The prerequisites for revocation of a debtor's discharge are set forth in 11 U.S.C. §727(d), which provides as follows:

> (d)  On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –
>
> > (1)  such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

>      (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
>
>      (3) the debtor committed an act specified in subsection (a)(6) of this section; or
>
>      (4) the debtor has failed to explain satisfactorily –
>
>           (A) a material misstatement in an audit referred to in section 586(f) of title 28; or
>
>           (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

11 U.S.C. §727(d)

"The Bankruptcy Code places strict limits on a court's authority to revoke a discharge." Disch v. Rasmussen, 417 F.3d 769, 777 (7th Cir. 2005). "Revocation of a discharge is a harsh measure and runs contrary to the general policy of the Bankruptcy Code of giving Chapter 7 debtors a 'fresh start.'" In re Kaliana, 202 B.R. 600, 603 (Bankr. N.D. Ill. 1996). Hence, a complaint seeking revocation of a discharge will be strictly construed against the complainant and in favor of the debtor. Id.; In re Reese, 203 B.R. 425, 430 (Bankr. N.D. Ill. 1997). The burden of

proof rests on the party seeking the revocation of discharge. In re Yonikus, 974 F.2d 901, 904 (7th Cir. 1992); Kaliana, 202 B.R. *at* 603. The burden of proof in actions to revoke a discharge is a preponderance of the evidence. Id. *at* 604.

In his Complaint, Trustee fails to identify under which specific provision of §727(d) of the Bankruptcy Code he seeks relief. When asked that question at trial, Trustee was unable to identify the specific provision but did state that his Complaint was based on Mr. Gordon's "failure to cooperate and provide information."

It does not appear that §727(d)(1), (2), and (4) are even applicable in this case. Under §727(d)(1), the movant must prove two elements to establish grounds for revocation of a discharge: (1) that the discharge was obtained through fraud; and (2) that the moving party lacked knowledge of such fraud until after the discharge was granted. In re Habash, 360 B.R. 775, 778 (N.D. Ill. 2007), *aff'd sub nom* Zedan v. Habash, 529 F.3d 398 (7th Cir. 2008).

In his Motion to Compel Turnover, the Trustee admits that his questions regarding the Debtors' financial activities were raised at the first meeting of creditors held June 12, 2008. Thus, the Trustee had his suspicions long before the Debtors' discharge issued on September 2, 2008. If Debtors had failed to provide satisfactory records or information to the Trustee as the discharge date approached, the Trustee could have moved to extend the time to

object to discharge.  *See* Fed.R.Bank.P. 4004(b).  However, the Trustee took no such action and the Debtors' discharge was granted. No allegations have been made nor has any proof been presented that Mr. Gordon obtained his discharge by fraud and, accordingly, §727(d)(1) cannot apply here.

Subsection 727(d)(2) is also clearly inapplicable to the case at bar.  There is no allegation that Mr. Gordon acquired or became entitled to acquire property of the estate, nor that he failed to report such acquisition of or entitlement to such property.

Similarly, subsection 727(d)(4) is inapplicable inasmuch as it pertains to audits performed by the Office of the United States Trustee in accordance with procedures established by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  No such audit was performed in this case.

Subsection 727(d)(3) makes reference to acts specified in subsection 727(a)(6). Subsection 727(a)(6) provides, in pertinent part, as follows:

> (a)  The court shall grant the debtor a discharge, unless –
>
> > (6)  the debtor has refused, in the case–
> >
> > > (A)  to obey any lawful order of the court[.]
>
> * * * *

11 U.S.C. §727(a)(6).

In his Complaint, Trustee refers to the October 6, 2008,

Order for Turnover, but does not state that the Debtors failed to comply with the Order. To the contrary, Trustee contends that "the Debtors provided what purported to be the records required by the October 6, 2008 Order", but that the records contained inaccurate information. At trial, Trustee repeatedly asserted - and it was undisputed - that the accountings which he had been given were inaccurate. However, absolutely no evidence was presented that Mr. Gordon failed to produce any of the documents required by the October 6, 2008, Order. The absence of evidence on this issue is fatal to Trustee's case because what was required by the October 6, 2008, Order was only the production of documents.

Mr. Gordon was ordered to produce all his financial records, and he would not have been in compliance with the October 6, 2008, Order if he had chosen to hold back financial records on the basis that the records were incomplete or inaccurate. Thus, he cannot be found to be noncompliant with the Order because some records which he did produce were inaccurate. This does not mean that, upon discovering the errors, the Trustee had no recourse. He could have requested further explanations and obtained orders compelling compliance with further discovery if Mr. Gordon resisted. This did not occur.

No evidence was presented regarding what financial records were maintained by Mr. Gordon, whether they were in existence at the time the October 6, 2008, Order was entered, or whether they

were, in fact, actually produced and provided to the Trustee. Because of this lack of evidence, the Court cannot find that Mr. Gordon refused to obey this Court's Order granting the Motion to Compel and, therefore, cannot find that Mr. Gordon's discharge should be revoked pursuant to the provisions of §727(d)(3).

For the reasons set forth above, Trustee's Complaint to Revoke Discharge will be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###